UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CHOCOLATE SHOPPE ICE CREAM
COMPANY INC.

           Plaintiff,

    v.

CEDAR-CREST SPECIALTIES, INC.,

           Defendant.

Case No. 16-CV-649

## CEDAR-CREST SPECIALTIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & COUNTERCLAIMS

Defendant Cedar-Crest Specialties, Inc. ("Cedar Crest") hereby submits its Answers and Defenses to Plaintiff Chocolate Shoppe Ice Cream Company, Inc.'s ("Chocolate Shoppe") First Amended Complaint.

## PARTIES

1.    Chocolate Shoppe is a Wisconsin Corporation with its headquarters located at 2221 Daniels St., Madison, Wisconsin 53718. Chocolate Shoppe manufactures, promotes, sells, and distributes super-premium quality ice cream and sells its products throughout the United States, including the State of Wisconsin.

**ANSWER:** Upon information and belief, Cedar Crest admits that Chocolate Shoppe is a Wisconsin Corporation with its headquarters located at 2221 Daniels St., Madison, Wisconsin 53718, and that Chocolate Shoppe promotes, sells, and distributes what it touts as "super-premium" quality ice cream throughout the State of Wisconsin. Cedar Crest lacks knowledge and information sufficient to form a belief as to, and sells its products throughout the United States, including the State of Wisconsin.

2.  Cedar Crest is a Wisconsin Corporation with its headquarters located at 7269 HWY 60, Cedarburg, Wisconsin 53012. Cedar Crest manufactures, promotes, sells, and distributes ice cream product, including the ice cream that is the subject of this action, thought the State of Wisconsin, including the Western District of Wisconsin, and surrounding states including at least Illinois, Michigan, and Minnesota.

**ANSWER:** Admit.

## JURISDICTION AND VENUE

3.  This action arises under the Lanham Act (15 U.S.C. § 1051 et seq.) and the Declaratory Judgment Act (28 U.S.C. § 2201 et seq.). In addition, Chocolate Shoppe seeks relief under common law and Wisconsin state law. This Court has jurisdiction over the Lanham Act and declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 2201 and 2202. This court has supplemental jurisdiction over the state and non-federal common law claims pursuant to 28 U.S.C. §1367(a) because these claims are so closely related that they form part of the same case or controversy.

**ANSWER:** Cedar Crest admits that the Amended Complaint purports to allege claims under the grounds identified in Paragraph No. 3, but denies that there is a sufficient basis for these claims, and denies any liability. The remainder of Paragraph No. 3 states a legal conclusion to which no response is required. To the extent a response is required, Cedar Crest admits that this Court has subject matter jurisdiction.

4.  This court has person jurisdiction over Cedar Crest. Cedar Crest conducts business this judicial district through purposeful, continuous, and systematic contacts, including by offering to sell, selling, and promoting the products which are subject of the claims below.

**ANSWER:** Paragraph No. 4 states a legal conclusion to which no response is required. To the extent a response is required, Cedar Crest admits that this Court has personal jurisdiction over Cedar Crest in this matter.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) and/or 28 U.S.C. § 1391(b) and (c) because Cedar Crest is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to Chocolate Shoppe's claims occurred in this judicial district and Cedar Crest engaged in activities infringing Chocolate Shoppe's trademark and engaged in false advertising in this judicial district.

**ANSWER:** Paragraph No. 5 states a legal conclusion to which no response is required. To the extent a response is required, Cedar Crest admits that venue is proper in this District.

## FACTUAL BACKGROUND

6.    Chocolate Shoppe is a family owned business in Madison, Wisconsin and has produced super-premium ice cream since 1962.

**ANSWER:** Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 6, and, therefore, denies each allegation.

7.    Chocolate Shoppe has been awarded numerous awards, including the Wisconsin Seal of Excellence Award for over 20 years and the Grandmaster Ice Cream Maker award from the national Ice Cream Retailers Association.

**ANSWER:** Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 7, and, therefore, denies each allegation**.**

8.    Since at least 2004, Chocolate Shoppe has continuously used the ZANZIBAR Trademark in connection with its sale of super-premium chocolate ice cream in interstate commerce.

**ANSWER:** Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 8, and, therefore, denies each allegation.

9.    Such ZANZIBAR Trademark is valid, subsisting and owned by Chocolate Shoppe.

**ANSWER:** Deny.

10.    Chocolate Shoppe has spent and continues to spend substantial financial resources advertising and promoting its ZANZIBAR Trademark by, among other efforts, using widespread advertising of the ZANZIBAR Trademark in connection with its unique super-premium chocolate ice cream flavor, specifically emphasizing the ZANZIBAR Trademark. Since 2004, ZANZIBAR super-premium ice cream has become a bestselling product for Chocolate Shoppe. As a result, the ZANZIBAR Trademark has become distinctive in the minds of Chocolate Shoppe's customers and strongly associated with the Chocolate Shoppe name and Chocolate Shoppe's products. By way of example, Chocolate Shoppe's ZANZIBAR super-premium ice cream has been awarded prestigious awards such as:

- First place in 2013 for Dark Chocolate Ice Cream from the World Dairy Expo; and
- Blue ribbon in 2014 from the National Ice Cream Retailers Association.

**ANSWER:** Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 10, and, therefore denies each allegation.

11. On January 14, 2014 Chocolate Shoppe successfully registered its ZANZIBAR Trademark with the United States Patent and Trademark Office ("USPTO") for "Ice Cream." A copy is of the resulting Trademark Registration No. 4,465,080 as published on the USPTO website is attached as Exhibit A. The registration is valid and enforceable.

**ANSWER:** Cedar Crest affirmatively alleges that the document attached as Exhibit A speaks

for itself, and denies any allegations inconsistent therewith. Cedar Crest denies that the

Chocolate Shoppe registration is valid or enforceable.

12. Chocolate Shoppe and Cedar Crest both sell ice cream in interstate commerce and directly compete in the field of ice cream in the same or substantially the same markets and trade channels.

**ANSWER:** Admit.

13. The ice cream sold by Chocolate Shoppe, including ZANZIBAR product, is accurately marketed by Chocolate Shoppe as "super-premium," a widely-recognized industry term for the highest-quality ice cream products – those which contain only very low overrun (air), highest quality ingredients and high fat content. Ice cream products are differentiated into widely-recognized distinct quality segments, namely: super-premium; premium, characterized by higher overrun, lower-quality ingredients and lower fat content than in the super-premium quality segment; regular, characterized by higher overrun, lower-quality ingredients and lower fat content than in the premium quality segment but meeting the overrun requirement for ice cream set by the U.S. Food and Drug Administration ("FDA"); and economy, characterized by higher overrun, lower-quality ingredients and lower fat content than in the premium segment and sold for a lower price than regular segment ice cream.

**ANSWER:** Cedar Crest is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph No. 13, and, therefore, denies each allegation.

14. The ice cream marketed by Cedar Crest, including in the marketing which is the subject of this lawsuit, is not super-premium ice-cream and is not marketed as such. Cedar Crest's products are lower quality than super-premium, and Cedar Crest's marketing indicates this.

**ANSWER:** Admit that Cedar Crest does not market its ice cream as "super-premium." Cedar

Crest denies the remaining allegations contained in Paragraph No. 14.

15. On or about March 12, 2012, Chocolate Shoppe learned that Cedar Crest had begun using ZANZIBAR (the "Infringing Mark") to sell and promote Cedar Crest ice cream, without consent from Chocolate Shoppe.

4

**ANSWER:**  Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 15, and, therefore, denies each allegation.

16. Chocolate Shoppe promptly, in March 2012, demanded that Cedar Crest cease and desist from its use of the Infringing Mark.

**ANSWER:**  Deny.

17. Chocolate Shoppe has engaged persistently since March 2012 in diligent and appropriate efforts, including without limitation through counsel, to persuade Cedar Crest to cease and desist from its use of the Infringing Mark.  Cedar Crest has refused, and continues at this time to use the Infringing Mark to sell and promote Cedar Crest ice cream.

**ANSWER:**  Admit that Cedar Crest continues to use ZANZIBAR to sell and promote Cedar Crest ice cream.  Cedar Crest denies the remaining allegations in Paragraph No. 17.

18. On March 12, 2014 counsel for Chocolate Shoppe sent a letter to Cedar Crest (the "March 12 Letter") stating that Chocolate Shoppe is the owner of the above-mentioned federal trademark Registration for the ZANZIBAR Trademark, reiterating Chocolate Shoppe's use and ownership of the ZANZIBAR Trademark, and stating that Cedar Crest's use of the Infringing Mark infringes Chocolate Shoppe's trademark rights under state and federal laws.

**ANSWER:**  Cedar Crest affirmatively alleges that the document referenced in Paragraph No. 18 speaks for itself, and denies any allegations inconsistent therewith.  Cedar Crest denies that the Chocolate Shoppe registration is valid or enforceable.

19. In the March 12, Letter, Chocolate Shoppe reiterated its demand that Cedar Crest cease and desist from any use or planned use of the Infringing Mark in connection with the sale of ice cream.

**ANSWER:**  Cedar Crest affirmatively alleges that the document referenced in Paragraph No. 19 speaks for itself, and denies any allegations inconsistent therewith.  Cedar Crest denies that the Chocolate Shoppe registration is valid or enforceable.

20. Cedar Crest's wrongful conduct in using the Infringing Mark, including at least since the March 12 Letter, have been undertaken willfully and with Cedar Crest's intent and knowledge that such use would cause confusion, mistake, or deception among the public.

**ANSWER:**  Deny.

21. Cedar Crest is currently promoting the sale of ice cream using the identical or substantially identical ZANZIBAR mark on its website www.cedarcresticecream.com, in retail stores at least in this judicial district, and in interstate commerce.

**ANSWER:** Cedar Crest admits that it is currently promoting the sale of ice cream using its ZANZIBAR mark, and denies that the Chocolate Shoppe registration is valid or enforceable.

22. Cedar Crest promotes "ZANZIBAR CHOCOLATE" in 48 ounce cartons and 3 gallon tubs on its website www.cedarcresticecream.com. A printout of the product page is attached as Exhibit B.

**ANSWER:** Admit.

23. Cedar Crest sells "ZANZIBAR CHOCOLATE" at retail locations in this judicial district, including but not limited to Woodman's Food Market located at 2631 Liberty Lane, Janesville, WI 53545. An image of the product and an August 19, 2016 receipt of the product is attached as Exhibits C and D.

**ANSWER:** Cedar Crest affirmatively alleges that the documents attached as Exhibits C and D speak for themselves, and denies any allegations inconsistent therewith. Cedar Crest admits the remaining allegations in Paragraph No. 23.

**FIRST CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**
Section 32 of the Lanham Act
<u>Registered Trademark Infringement</u>

24. Chocolate Shoppe repeats its allegations set forth in paragraphs 1-23 above with the same force and effect as if set forth herein in their entirety.

**ANSWER:** Cedar Crest incorporates its responses to Paragraphs No. 1-23, as if fully set forth herein.

25. On information and belief, Cedar Crest's actions, as described above, have been undertaken willfully and with the intent and knowledge that such actions would cause confusion, mistake, or deception among the public.

**ANSWER:** Deny.

26. Chocolate Shoppe's use of the ZANZIBAR Trademark is senior to Cedar Crest's use of the Infringing Mark.

**ANSWER:** Deny.

27. Cedar Crest's use of the Infringing Mark is likely to cause confusion as to the source and origin of the ice cream offered and sold by Chocolate Shoppe under the ZANZIBAR Trademark. As a result, purchasers are likely to believe that Cedar Crest's ice cream sold under the Infringing Mark originates from and is in some way connected with, approved by, sponsored by, affiliated with or endorsed by Chocolate Shoppe.

**ANSWER:** Deny.

28. Cedar Crest, by the conduct complained of herein, has competed unfairly with Chocolate Shoppe and has otherwise used the valuable reputation and goodwill of Chocolate Shoppe and Chocolate Shoppe's ZANZIBAR Trademark in order to promote, and unfairly benefit from, the sale of its Cedar Crest ice cream. Cedar Crest is unfairly benefiting from the goodwill in Chocolate Shoppe's ZANZIBAR Trademark and reaping benefits from the fruits of Chocolate Shoppe's efforts and considerable investments. As a result, Chocolate Shoppe has suffered and will continue to suffer damage, including irreparable damage, to its business, goodwill, and reputation, absent injunctive and other relief.

**ANSWER:** Deny.

29. Cedar Crest's conduct constitutes infringement of Chocolate Shoppe's ZANZIBAR Trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Deny.

30. As a direct and proximate result of Cedar Crest's actions, Chocolate Shoppe has suffered and will continue to be damaged by Cedar Crest's conduct in an amount not yet determined, which Chocolate Shoppe is entitled to recover. Chocolate Shoppe is entitled to injunctive relief and to all other remedies provided by law, including without limitation as set forth in 15 U.S.C. §§ 1116, 1117, and 1118.

**ANSWER:** Deny.

**SECOND CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**
Section 43(a) of the Lanham Act
<u>False Designation of Origin</u>

31. Chocolate Shoppe repeats its allegations set forth in paragraphs 1-30 above with the same force and effect as if set forth herein in their entirety.

**ANSWER:** Cedar Crest incorporates its responses to Paragraphs 1-30, as if fully set forth herein.

32. Cedar Crest sells ice cream in interstate commerce in the same markets and trade channels as Chocolate Shoppe.

**ANSWER:**  Admit.

33. Cedar Crest's improper use of Chocolate Shoppe's ZANZIBAR Trademark on ice cream and in promotional and advertising materials falsely designates the origin of Cedar Crest's ice cream and tends falsely to represent Cedar Crest as being legitimately connected with, approved by, sponsored by, affiliated with, or endorsed by Chocolate Shoppe. As a result, the public and purchasers are likely to believe that Cedar Crest's ice cream originate from, are in some way connected with, approved by, sponsored by, affiliated with, or endorsed by Chocolate Shoppe.

**ANSWER:**  Deny.

34. Cedar Crest's wrongful conduct constitutes the unauthorized use in commerce of a symbol, devise or combination thereof, and a false designation of origin, which is likely to cause consumer confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**ANSWER:**  Deny.

35. As a direct and proximate result of Cedar Crest's actions, Chocolate Shoppe has been and continues to be damaged by Cedar Crest's acts in an amount not yet determined, which Chocolate Shoppe is entitled to recover. Chocolate Shoppe is entitled to injunctive relief and to all other remedies provided by law, including without limitation those set forth in 15 U.S.C. §§ 1116, 1117, and 1118.

**ANSWER:**  Deny.

### THIRD CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
Wis. Stat. § 100.20
State Law of Unfair Methods of Competition and Unfair Trade Practices

36. Chocolate Shoppe repeats its allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth herein in their entirety.

**ANSWER:**  Cedar Crest incorporates its responses to Paragraphs No. 1-35, as if fully set forth herein.

37. Cedar Crest's improper use of the Infringing Mark in connection with the sale, advertising and promotion of ice cream has caused confusion, mistake, misunderstanding, or deception among consumers as to the source of Cedar Crest's products, or as to any affiliation, sponsorship, license, endorsement, approval, or connection between Cedar Crest and Chocolate Shoppe.

**ANSWER:** Deny and affirmatively assert that Chocolate Shoppe's improper use of the ZANZIBAR mark is likely to cause confusion as to any affiliation, sponsorship, license, endorsement, approval, or connection between Cedar Crest and Chocolate Shoppe**.**

38. Cedar Crest's use of the Infringing Mark is an unfair imitation of Chocolate Shoppe's ZANZIBAR Trademark.

**ANSWER:** Deny.

39. Cedar Crest's use of the Infringing Mark constitutes acts of unfair methods of competition and trade practices in violation of Wisconsin Statutes section 100.20.

**ANSWER:** Deny.

40. As a result of Cedar Crest violating section 100.20, Chocolate Shoppe has suffered and will continue to suffer injury as a direct and proximate result of Cedar Crest's conduct.

**ANSWER:** Deny.

41. Chocolate Shoppe has no adequate remedy at law and will continue to suffer injury unless Cedar Crest is restrained by this Court.

**ANSWER:** Deny.

### FOURTH CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
<u>Common Law Unfair Competition</u>

42. Chocolate Shoppe repeats its allegations set forth in paragraphs 1-41 above with the same force and effect as if set forth herein in their entirety.

**ANSWER:** Cedar Crest incorporates its responses to Paragraphs No. 1-41, as if fully set forth herein.

43. Taken as a whole, Cedar Crest's actions in improperly using Chocolate Shoppe's ZANZIBAR Trademark are an attempt to infringe on Chocolate Shoppe's common law trademark rights, ride on the coattails of the goodwill associated with Chocolate Shoppe's mark and cause confusion in the marketplace with the intent to make consumers mistakenly believe that Cedar Crest, Cedar Crest ice cream and the Infringing Mark are sponsored by, related to, or associated with Chocolate Shoppe.

**ANSWER:** Deny.

44. Cedar Crest's wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding, or deception in the public's minds as to the origin of the parties' services and goods.

**ANSWER:** Deny.

45. Cedar Crest's unlawful actions have resulted in unjust enrichment of Cedar Crest and have caused Chocolate Shoppe to suffer substantial damage.

**ANSWER:** Deny.

46. Such Cedar Crest conduct causing confusion, mistake, or deception constitutes common law unfair competition.

**ANSWER:** Deny.

**FIFTH CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
Declaratory Judgment

47. Chocolate Shoppe repeats its allegations set forth in paragraphs 1-46 above with the same force and effect as if set forth herein in their entirety.

**ANSWER:** Cedar Crest incorporates its responses to Paragraphs No. 1-46, as if fully set forth herein.

48. On information and belief, Cedar Crest owns no right in any valid or enforceable trademark consisting of or including the word "Zanzibar."

**ANSWER:** Deny.

49. During the period from March 2012 until the filing of this lawsuit during which Chocolate Shoppe and Cedar Crest engaged in communications concerning the ZANZIBAR Trademark, Chocolate Shoppe consistently and accurately informed Cedar Crest that Chocolate Shoppe owned the ZANZIBAR Trademark, and Cedar Crest did not at any time allege that it owned a right in a trademark consisting of or including the word "Zanzibar."

**ANSWER:** Deny. Cedar Crest affirmatively alleges that it informed the Chocolate Shoppe of its ownership of the Zanzibar trademark shortly after Cedar Crest acquired the rights to that mark.

10

50. During such period between March 2012 and the filing of this lawsuit, Cedar Crest alleged and urged in communications to Chocolate Shoppe that the word "Zanzibar," in Cedar Crest's view, was not an enforceable trademark for chocolate ice cream.

**ANSWER:**  Deny.

51. On November 16, 2016, for the first time ever, and in direct contradiction to Cedar Crest's earlier statements to Chocolate Shoppe, Cedar Crest alleged that the word "Zanzibar" was an enforceable trademark for chocolate ice cream, that Cedar Crest owned such a mark, that Cedar Crest's use of such alleged Cedar Crest mark was "senior" to Chocolate Shoppe's use of the ZANZIBAR Trademark, that such alleged Cedar Crest mark was enforceable against Chocolate Shoppe, and that Chocolate Shoppe's use of the ZANZIBAR Trademark infringed such alleged Cedar Crest mark and violated Section 43(a) of the Lanham Act.

**ANSWER:**  Admit that on November 16, 2016, Cedar Crest filed its Answer to Complaint, Affirmative Defenses & Counterclaims in the above-captioned matter, and that this document speaks for itself.  Cedar Crest denies any allegations inconsistent therewith.

52. On November 16, 2016, Cedar Crest alleged that, in November 2016, Cedar Crest had purchased all rights in and to the alleged Cedar Crest mark from a third party, Kemps, LLC ("Kemps").

**ANSWER:**  Admit that on November 16, 2016, Cedar Crest filed its Answer to Complaint, Affirmative Defenses & Counterclaims in the above-captioned matter, and that this document speaks for itself.  Cedar Crest denies any allegations inconsistent therewith.

53. Kemps has never indicated to Chocolate Shoppe that it has or had a trademark right consisting of or including the word "Zanzibar," or that Chocolate Shoppe's use of the ZANZIBAR Trademark is in any way improper.

**ANSWER:**  Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 53, and, therefore, denies each allegation.

54. On information and belief, Kemps has known for many years of Chocolate Shoppe's use of the ZANZIBAR Trademark.

**ANSWER:**  Cedar Crest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 54, and, therefore, denies each allegation.

55. On information and belief, Kemps has not had any valid or enforceable right in any trademark consisting of or including the word "Zanzibar."

**ANSWER:** Deny.

56. The alleged assignment by Kemps to Cedar Crest which Cedar Crest is alleging to have occurred is invalid because, upon information and belief, Kemps did not own the alleged rights which are alleged to have been assigned to Cedar Crest.

**ANSWER:** Deny.

57. In the alternative, the alleged assignment by Kemps to Cedar Crest which Cedar Crest is alleging to have occurred is invalid for lack of quality-control requirements or requirements defining the goods associated with the allegedly assigned trademark.

**ANSWER:** Deny.

58. In the alternative, the alleged assignment by Kemps to Cedar Crest which Cedar Crest is alleging to have occurred is invalid because such alleged assignment was an assignment in gross for lack of any genuine transfer from Kemps to Cedar Crest of genuine goodwill, assets, trade secrets, management, manufacturing specifications and the like.

**ANSWER:** Deny.

59. In the alternative, the alleged assignment by Kemps to Cedar Crest which Cedar Crest is alleging to have occurred is invalid, on information and belief, for lack of consideration or for other reasons.

**ANSWER:** Deny.

60. Chocolate Shoppe has been injured and damaged by Cedar Crest's conduct as alleged herein.

**ANSWER:** Deny.

61. Declaratory relief is appropriate and necessary to establish that Chocolate Shoppe has not infringed and does not infringe the purported trademark rights being that (sic.) Cedar Crest has alleged against Chocolate Shoppe.

**ANSWER:** Paragraph No. 61 states a legal conclusion to which no response is required.

62. Declaratory relief is appropriate and necessary to establish that Chocolate Shoppe has not violated Section 43(a) of the Lanham Act.

**ANSWER:** Paragraph No. 62 states a legal conclusion to which no response is required.

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, Cedar Crest asserts the following affirmative defenses and reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available:

A. Chocolate Shoppe's complaint fails to state a claim on which relief can be granted.

B. Chocolate's Shoppe's claims are barred, in whole or in part, by one or more of the equitable doctrines of acquiescence, consent, estoppel, waiver, laches, and/or unclean hands.

C. Chocolate Shoppe's claims are barred, in whole or in part, by the applicable statute of limitations.

D. Chocolate Shoppe's claims are barred, in whole or in part, because Cedar Crest and/or one or more affiliates is the senior user of the ZANZIBAR mark.

E. Chocolate Shoppe's claims are barred, in whole or in part, because Cedar Crest has purchased the rights to use the ZANZIBAR mark from the mark's true owner.

F. Chocolate Shoppe's claims are barred, in whole or in part, because Chocolate Shoppe lacks a protectable interest in the ZANZIBAR mark.

G. Cedar Crest has not infringed any enforceable trademark under federal or state law.

H. Cedar Crest has not violated any order issued by the Department of Agriculture, Trade and Consumer Protection.

I. Cedar Crest's alleged actions were taken, if at all, with an innocent intent and without any belief that the acts constituted infringement, false designation of origin, unfair trade practices, or unfair competition.

J. Chocolate Shoppe's claims for injunctive relief are barred, in whole or in part, because it cannot show it will suffer irreparable harm from the alleged damages.

K.   Without admitting the Complaint states a claim, there has been no damage by reason of any alleged act of Cedar Crest, and the relief prayed for in the complaint cannot, therefore, be granted.

L.   Without admitting the Complaint states a claim, Chocolate Shoppe has failed to mitigate any alleged damages, such that Cedar Crest's liability, if any, for Chocolate Shoppe's damages, if any, should be diminished to the extent of Chocolate Shoppe's failure to mitigate.

## PRAYER FOR RELIEF[1]

WHEREFORE, Cedar Crest requests that the Court enter Judgment:

A.   Dismissing Chocolate Shoppe's First Amended Complaint with prejudice;

B.   Enjoining Chocolate Shoppe from using the infringing ZANZIBAR mark or any marks confusingly similar to it in any way in connection with ice cream products and the manufacture, sale, and distribution of ice cream;

C.   Directing Chocolate Shoppe to destroy all materials that employ the infringing ZANZIBAR mark or any marks confusingly similar to it, including but not limited to products, displays, labels, signs, circulars, packages, kits, wrappers, packaging, letterheads, business cards, advertisements, promotional items, literature, sales aids, or other matter in the possession, custody, or control of Defendant or its agents or distributors, including any materials posted on Defendant's web sites;

D.   Directing Chocolate Shoppe to recall all products, packaging, advertising, and promotional materials that employ the infringing ZANZIBAR mark or any marks confusingly similar to it or that violate any injunction entered in this matter;

---

[1] Cedar Crest does not re-state its Counterclaims herein, but specifically continues to assert its Counterclaims against Chocolate Shoppe for common law trademark infringement and unfair competition, and for false designation of origin in violation of § 1125(a) of the Lanham Act as set forth in Cedar Crest's Answer to Complaint, Affirmative Defenses & Counterclaims (Dkt. No. 6).

E. Directing Chocolate Shoppe to account to Cedar Crest for its profits and ordering that Cedar Crest shall recover from Chocolate Shoppe its damages arising from the foregoing acts, pursuant to 15 U.S.C. § 1117(a) and Wisconsin law;

F. Awarding Cedar Crest the costs of this action, including expert witness fees, in accordance with applicable law;

G. Awarding Cedar Crest its reasonable attorney fees in connection with defending this lawsuit and bringing these counterclaims, pursuant to 15 U.S.C. § 1117(a); and

H. Awarding Cedar Crest such other and further relief as this Court may deem just and equitable.

Dated this 21st day of December, 2016.

*/s/ Jessica H. Polakowski*
Jessica H. Polakowski
WI State Bar ID No.1061368
jpolakowski@reinhartlaw.com
Reinhart Boerner Van Deuren, S.C.
22 East Mifflin St., Suite 600
Madison, WI 53703
Phone:  (608) 229-2200
Fax:  (608) 229-2100

*Attorneys for Defendant Cedar-Crest Specialties, Inc.*

35316528